(No. 87-CC-0678– )

KENNETH STEPHENSON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 8, 1991.*

*Order on motion for rehearing filed February 20, 1992.*

KENNETH STEPHENSON, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (DARRELL WIL-LIAMSON, Assistant Attorney General, of counsel), for Respondent.

## OPINION

BURKE, J.

Claimant, an inmate with the Illinois Department of Corrections, seeks damages from Respondent, State of Illinois, for the value of personal property claimed to have been lost by Claimant through the fault or neglect of Respondent or its agents. Claimant alleges a loss of $136.83 for his watch, three towels, stereo cassette player and headphones, five shag rugs and one pair of shoes.

On the day of the incident in question, Claimant was assigned to A Gallery, South Cellhouse, Pontiac Correctional Center. He was released from his cell by Respondent's agent. When he returned to his cell, he found that the cell was open and had been entered. A search had been conducted of his cell. Claimant made a list of the missing property. Subsequently, Claimant alleges that he saw portions of his personal property in

the possession of an inmate being escorted by Respondent's agents to segregation. Claimant intervened and requested that Respondent's agent permit Claimant to go to his cell and produce the permits and receipts to prove that the property in possession of the inmate being escorted to segregation was, indeed, the property of the Claimant. Respondent's agent allegedly did not permit Claimant to obtain his property from the inmate. Claimant testified that when absent from his cell, he did not have any knowledge of who entered his cell. Claimant testified that he knew his door was placed on deadlock and that, in that event, the door had to be "keyed" open. Claimant later observed specific items of his personal property in possession of another inmate. The Timex quartz watch, the three green towels, the stereo cassette player and headphones, the five shag rugs and Claimant's shoes were in the possession of another inmate. This fact was brought to the attention of Respondent's agents. Claimant endeavored to use self-help in retrieving his property from the inmate in whose possession it was found. Respondent's agents intervened and permitted the inmate to retain possession of Claimant's property.

The valuations claimed by Claimant on his lost property consisted of $30.00 for the watch, $5.36 each for three towels, $45.00 for the stereo cassette player and headphones, $5.00 each for the five shag rugs, and $20.75 for Claimant's shoes. These were purchase prices of the lost property. Claimant testified he had only had the watch a couple of months before it was missing, the green towels were brand new, the stereo cassette had never been taken out of the box, and Claimant had never bought batteries for it. His shoes were six months old.

The evidence in this case fails to demonstrate that

Claimant's property came into exclusive possession of Respondent. Thus, no bailment was shown to have existed and Respondent was not, therefore, required to assume the burden of proving due care for the Claimant's property. The thrust of Claimant's argument seems to be that Respondent's agent was negligent in failing to conduct an investigation as to the rightful ownership of property later seen in possession of another inmate. Claimant made demand upon an officer in custody of the inmate to "wait" while Claimant demonstrated his rightful ownership of property then in possession of the inmate under the officer's control. We know of no principle of law which would require corrections officers to adjudicate or mediate disputes between inmates regarding the ownership of property in possession of one or the other. Indeed, it is just as reasonable to expect that a correctional officer in the discharge of his duties cannot involve himself in prolonged debates between inmates, however just the position of one or the other may be, and act as an arbitrator or adjudicator with respect to these arguments and complaints. The Court is aware that internal procedures exist whereby complaints of inmates against correctional personnel or other inmates can be heard and decided in an orderly fashion. Claimant's argument that the failure of Respondent's agents to allow him time to "prove his case" constitutes negligence is without merit. No bailment was shown to exist and no negligence on the part of Respondent's agents was shown.

Wherefore, it is ordered that this claim is denied.

## ORDER ON MOTION FOR REHEARING

BURKE, J.

This cause coming to be heard upon the Claimant's

petition for rehearing and the Court being fully advised in the premises, wherefore, pursuant to section 790.220 of the Court of Claims Regulations states that the request for rehearing "shall state briefly the points supposed to have been overlooked or misapprehended by the Court." That the request filed herein does not do this.

It is hereby ordered that Claimant's petition for rehearing is hereby denied.